NOT FOR PUBLICATION

FILED

DEC 01 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH RODRIGUEZ, | No. 14-15304 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01373-NVW |
| v. | |
| SHARON MALCOLM; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Former Arizona state prisoner Ralph Rodriguez appeals from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment for McMorran and Malcolm because Rodriguez failed to raise a genuine dispute of material fact as to whether these defendants were personally involved or responsible for any of the alleged inadequate care. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (the causation analysis under § 1983 is "individualized and focus[es] on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation"). Moreover, Rodriguez failed to raise a triable dispute as to any constitutionally deficient policy implemented by these defendants. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (supervisors are liable if they "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation" (citation and internal quotation marks omitted)), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).

The district court properly granted summary judgment for Macabuhay and Martinez because Rodriguez failed to raise a triable dispute as to whether these defendants knew that Rodriguez's numerous complaints of chest pain and shortness of breath presented an excessive risk to Rodriguez's health, and disregarded this risk. *See Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (a prison official is deliberately indifferent if he or she is subjectively aware of the serious medical need and fails to adequately respond; even gross negligence does not constitute deliberate indifference).

The district court properly granted summary judgment for King because Rodriguez failed to raise a triable dispute as to whether King was deliberately indifferent to Rodriguez's complaints of chest pain and shortness of breath and the growing lump in his chest. *See Toguchi*, 391 F.3d at 1058 (to be deliberately indifferent, treatment must be medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to a prisoner's health).

We reject Rodriguez's contentions regarding King's reconsideration motion because the district court construed the motion as one for summary judgment and granted it on that basis.

**AFFIRMED.**